**Brian L. Grossman** | Attorney

shipkevich
ATTORNEYS AT LAW

**Shipkevich PLLC**
One Liberty Plaza
165 Broadway, Suite 2300
New York, NY 10006

p. 212-252-3003   f. 888-568-5815
www.shipkevich.com

June 4, 2020

**VIA ECF**
Hon. Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/24/2020
```

  Re: *Taylor et al. v. Doe*, 1:20-cv-03398

Dear Judge Vyskocil,

  I represent Plaintiffs Deborah Taylor a/k/a Holly T, Matthew Kramer a/k/a Disco Killerz, and Reem Taoz a/k/a GATTÜSO (together "Plaintiffs") in the above-captioned action. I write pursuant to Local Civil Rule 37.2 to seek a pre-motion conference for Plaintiffs' anticipated motion to seek leave to issue a third-party subpoena to A Medium Corporation ("Medium") in advance of a Federal Rule of Civil Procedure ("Rule") 26(f) conference and to order Medium to comply with the subpoena despite the place of production being outside of 100 miles from Medium's offices. All parties do not consent to this letter motion as Plaintiffs do not currently know the true identity of Defendant Jane Doe ("Doe") and thus have been unable to request Doe's consent.

*Background*

  As the Court is aware, Plaintiffs filed this defamation action against a "Jane Doe" defendant because Plaintiffs are unable to ascertain the true identity of Doe without discovery from Medium. Doe is known to Plaintiffs only through Doe's accounts on Medium of @kittykat97 (a/k/a @kittykat) and @Edmnation2020 (a/k/a @Edmnation)[1] but Medium is in possession of other information regarding Doe, including but likely not limited to, Doe's true identity, email address, IP address, and more.

  Plaintiffs wish to issue a subpoena to Medium prior to a Rule 26(f) conference seeking the personal information of Doe, as Plaintiffs are unable to hold a Rule 26(f) conference without first ascertaining the true identity of Doe and serving Doe with the Summons and Complaint. Plaintiffs have already attempted to have good-faith discussions with Medium regarding the issuance of this subpoena, including sending a subpoena to Medium and speaking with counsel for Medium prior to the filing of this request for a pre-motion conference.

---

[1] Upon information and belief, the two Medium accounts of @kittykat97 and @Edmnation2020 are owned and operated by the same person: Doe.

Prior to initiating this action—and now over a month ago—Medium indicated to Plaintiffs that they had already identified, isolated, and preserved the relevant subscriber information and invited Plaintiffs to send them a subpoena in order for Medium to produce the information.

However, Medium has thus far refused to provide Plaintiffs with any information, initially providing six objections to Plaintiffs' subpoena, including that no Rule 26(f) conference had yet occurred, despite there being no defendant with whom to hold a conference; that service was ineffective despite Medium providing a place to request user data on its website; that the subpoena demanded service outside of 100 miles despite clear case law in the Southern District of New York that where a subpoena seeks only the production of electronic information, the place of upload is considered the place of production (*see Mackey v. IDT Energy, Inc.*, 19 Misc. 29 (PAE), at *7 (S.D.N.Y. May 7, 2019) ("Federal courts have universally upheld, as consistent with the Rule, this production mode—in which the subpoenaed entity, at all times acting within 100 miles of its office, uploads documents for retrieval by counsel for the party who issued the subpoena")); that the subpoena was "vague, ambiguous, overbroad, and unduly burdensome" despite the subpoena seeking specific information related to two Medium accounts; that the Stored Communications Act (18 U.S.C. § 2701, *et seq*.) prevents disclosure of communications, despite Plaintiffs not seeking communications; and that the Court had not imposed First Amendment safeguards prior to unmasking an anonymous speaker, a position which Medium's counsel has already represented it will not pursue.

Despite these myriad of objections, and Medium refusing to even speak with Plaintiffs' counsel prior to Plaintiffs' responding to Medium in writing—which Plaintiffs did respond citing case law, including the above law regarding the 100 mile rule—Medium dropped all but two of the objections immediately once a call did occur; leaving only two objections that Medium maintains: that even though Medium will be providing electronically stored information, the subpoena initially sent to Medium did not call for the production within 100 miles as required by Rule 45(c)(1)(A) and that no Rule 26(f) conference has yet occurred.

*Issuance of a Subpoena Before the Rule 26(f) Conference*

Plaintiffs seek to issue a subpoena to Medium in advance of the Rule 26(f) conference to ascertain the true identity of Doe. Plaintiff is seeking only identifying information to effect service of process on Doe. *See Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) ("Ascertaining the identities and residences of the Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process."). Plaintiffs have good cause to seek this information as Plaintiffs cannot continue this litigation without the true identity and service of Doe. *See In re Strike 3 Holdings, LLC*, 18-cv-0693 (ADS)(SIL), at *5 (E.D.N.Y. Apr. 9, 2018) ("Courts in this District and in the Southern District of New York generally require a showing of 'good cause' in order to permit expedited discovery prior to a Rule 26(f) conference"). Here, all Plaintiffs seek is to issue a subpoena and compel Medium to produce documents identifying Doe so that Plaintiffs can serve Doe and continue this litigation. Plaintiffs have attached hereto, as Exhibit A, a copy of the subpoena that Plaintiffs seek to serve on Medium.

*Production of Electronic Documents Outside of 100 Miles*

The subpoena seeks production of only electronic documents from Medium—who is based in San Francisco—to Plaintiffs' law firm—which is based in New York City. A party is permitted to seek production of these documents outside of the 100-mile limit imposed by Rule 45 where the documents will be uploaded within 100 miles of the subpoenaed-party's location. *Mackey v. IDT Energy, Inc.*, 19 Misc. 29 (PAE), at *7 (S.D.N.Y. May 7, 2019) ("Federal courts have universally upheld, as consistent with the Rule, this production mode—in which the subpoenaed entity, at all times acting within 100 miles of its office, uploads documents for retrieval by counsel for the party who issued the subpoena")).

Despite this—and Plaintiffs articulating this exact case law both in writing and during a call—Medium objects to the subpoena on the grounds that it seeks the production outside of 100 miles from Medium's offices and has told Plaintiffs' counsel to simply pick a location within 100 miles of San Francisco. Medium's basis for this is that it does not know how it will produce documents to Plaintiffs and it may choose to mail a hard drive as opposed to simply uploading documents to an email or cloud system. Plaintiffs have informed counsel for Medium—Perkins Coie LLP—that Plaintiffs' counsel do not have an office within 100 miles of San Francisco and it is not as easy as simply putting a new address on the subpoena but, rather, would likely cost Plaintiffs a local counsel fee. Medium has still refused to acknowledge that the 100-mile rule does not apply here.

Plaintiffs request that the Court permit Plaintiffs to file a motion for leave, or to grant leave on the basis of the representations herein and proposed subpoena attached hereto, to issue a third-party subpoena to Medium in advance of the Rule 26(f) conference because Plaintiffs are unable to hold a Rule 26(f) conference without first serving Doe and that Medium be ordered to comply with the subpoena despite the place of production being outside of 100 miles from Medium's offices because Plaintiffs seek the production of electronic documents only.

Respectfully Submitted,

*/s/ Brian L. Grossman*
Brian L. Grossman

encls: Proposed Subpoena

cc: Counsel of Record

> It is hereby ORDERED that Plaintiffs may proceed, based on the representations in this letter, with issuing a third-party subpoena to Medium providing that (i) the information sought may be uploaded to counsel from a location within 100 miles of Medium's offices as required by Fed. R. Civ. P. 45(c) as interpreted by *Mackey v. IDT Energy, Inc.*, 2019 WL 2004280 (S.D.N.Y. May 7, 2019), and (ii) the information is reasonably related to the identification of the Doe defendant.  SO ORDERED.
>
> Date: 6/24/2020
> New York, New York
>
> */s/ Mary Kay Vyskocil*
> Mary Kay Vyskocil
> United States District Judge