**Brian L. Grossman** | Attorney



Shipkevich PLLC
One Liberty Plaza
165 Broadway, Suite 2300
New York, NY 10006

p. 212-252-3003   f. 888-568-5815
www.shipkevich.com

October 23, 2020

<u>VIA ECF</u>
Hon. Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED:_ 10/29/2020 _

      **Re:** *Taylor et al. v. Doe*, 1:20-cv-03398

Dear Judge Vyskocil,

      I represent Plaintiffs Deborah Taylor a/k/a Holly T, Matthew Kramer a/k/a Disco Killerz, and Reem Taoz a/k/a GATTÜSO (together the "Plaintiffs") in the above-captioned action. I write pursuant to (1) the Court's Order of October 13, 2020, directing Plaintiffs to show cause in writing why service of the summons and complaint have not been served on the Doe Defendant and (2)pursuant to Local Civil Rule 37.2 to seek a pre-motion conference for Plaintiffs' anticipated motion to seek leave to issue five additional third-party subpoenas in advance of a Federal Rule of Civil Procedure ("Rule") 26(f) conference.[1] Previous efforts to identify the Doe Defendant via information directly from the Medium site on which the defamatory postings were made have taken the Plaintiffs only so far as receiving IP addresses with no names or contact information and Plaintiffs now require information from four internet service providers (each an "ISP") and from Google to advance efforts to identify Doe and effectuate service of the summons and complaint. Plaintiffs seeks to issue subpoenas to ISP providers Verizon, Eonix (Serverhub), M247, and Performive (formerly Total Server Solutions) and to email provider Google in advance of the Rule 26(f) conference to ascertain the true identity of Doe.  All parties do not consent to this letter motion as Plaintiffs do not currently know the true identity of Defendant Jane Doe ("Doe") and thus have been unable to request Doe's consent but Plaintiffs have reached out to each ISP in an attempt to inform them of Plaintiffs' request.

*Background*

      As the Court is aware, Plaintiffs filed this defamation action against a "Jane Doe" defendant because Plaintiffs are unable to ascertain the true identity of Doe without discovery. Doe is known to Plaintiffs only through Doe's accounts on Medium of @kittykat97 (a/k/a @kittykat) and

---

[1] The Court helpfully granted Plaintiffs' prior letter motion ordering the issuance of a third-party subpoena to Medium (Dkt. No. 7).

@Edmnation2020 (a/k/a @Edmnation).[2] Upon information and belief, Medium was in possession of other information that would help identify Doe, including but likely not limited to, Doe's email address and related IP addresses.  Plaintiffs sought to issue a subpoena to Medium prior to a Rule 26(f) conference seeking the personal information of Doe, as Plaintiffs were unable to hold a Rule 26(f) conference without first ascertaining the true identity of Doe and serving Doe with the Summons and Complaint.  On June 24, 2020, the Court granted Plaintiffs' letter motion and ordered a third-party subpoena to be issued to Medium provided that (i) the information sought may be uploaded to counsel from a location within 100 miles of Medium's offices as required by Fed. R. Civ. P. 45(c) as interpreted by *Mackey v. IDT Energy, Inc.*, 2019 WL 2004280 (S.D.N.Y. May 7, 2019), and (ii) the information is reasonably related to the identification of the Doe defendant.  That order was immediately relayed to the lawyers for Medium.

*Medium's Response*

Despite this Court's order and direction on June 24, 2020, and Counsel for Medium's indication that it would accept service of a subpoena by email once Plaintiffs received authorization of early discovery—in addition to Medium's demand that the subpoena must specify a place of compliance within 100 miles of Medium's office in San Francisco—Counsel for Medium nonetheless considered the order inappropriate and the subpoena defective, and refused to accept service unless the subpoena still included an address within 100 miles of San Francisco. Counsel for Medium's interpretation of the 100-mile rule in conjunction with this Court's order cost Plaintiff nearly two weeks of back and forth simply to appease Counsel for Medium regarding the 100-mile rule (even though this Court helpfully clarified that the correct approach to follow Fed. R. Civ. P. 45(c) is as is interpreted by *Mackey v. IDT Energy, Inc.*, just as had been pointed out in our previous correspondence). Once Plaintiffs' acquiesced to Counsel for Medium's insistence and included an address in the San Francisco Bay area, Plaintiffs were then informed that the subscriber had not yet even been given notice that their subscriber information had been requested, despite Plaintiffs having—by then—been writing to Medium's Counsel since the middle of May. This required an additional 21-day delay before Medium would respond to the subpoena endorsed by this Court with actual information.

*Information Finally Received by Medium was Limited*

The information responsive to Plaintiffs' subpoena was not provided by Medium until July 29, 2020, and that information was limited, confirming only that the two accounts were created contemporaneously with the defamatory articles being posted and only for the purpose of posting those articles.  Indeed, Medium somehow did not even have copies of the original articles that were posted, despite Plaintiffs' having initially reached out to Medium to remove the articles from public view due to their defamatory nature. However, the information from Medium also included internet provider (IP) addresses—that ISPs can use to track individual accounts if the IP address is associated with a particular ISP—and two Gmail email addresses.

---

[2] Upon information and belief, the two Medium accounts of @kittykat97 and @Edmnation2020 are owned and operated by the same person: Doe.

*IPs and ISPs Investigation and Communication*

Further investigation of the IP addresses over the course of August and early September, along with productive follow-up communications directly with Medium Legal, suggested that the Medium website was accessed for the purposes of creating the account and posting the articles at locations in or near Miami Airport and in or near JFK Airport over the course of the early hours of Sunday, March 22, 2020, through Thursday, March 26, 2020.

Plaintiffs were also able to ascertain that the ISPs corresponding to the times Doe accessed the Medium accounts were Verizon, Eonix (Serverhub), M247, and Performive (formerly Total Server Solutions). Over the course of the rest of September and in to October, Plaintiffs determined the means by which to contact these ISPs in order to request information or indeed to issue a formal subpoena if required.  On September 9, 2020, emails and letters were sent to all four ISPs.  Eonix (Serverhub) replied to Plaintiffs' letter and email directing a subpoena to be sent to a specified email addresses upon receipt of which they will provide the subscriber information as requested. Verizon provided a response on September 29, 2020, asking for more specific information accompanying the IP address, such as dates, times, etc.  Verizon also indicated that to provide the information requested they need a court order endorsed by a judge or magistrate.  The email sent to the address provided via the M247 website bounced back as undeliverable and a letter mailed to a New York City address listed as associated with M247 was likewise returned and marked "return to sender." M247's main office is located in the United Kingdom but it holds itself out as having a "local team" based in New York.  Performive (previously Total Server Solutions) was emailed letters to an address instructed on its website to use where the ISP was used for "abusive" purposes, but no response has been received.  In all four instances a subpoena is required as either requested by the ISP or necessary due to the failure to date of the ISP to respond.

*Issuance of a Subpoena Before the Rule 26(f) Conference*

Plaintiffs seek to issue four subpoenas to Verizon, Eonix (Serverhub), M247, and Performive (formerly Total Server Solutions) and one subpoena to email provider Google in advance of the Rule 26(f) conference to ascertain the true identity of Doe. Plaintiff is seeking only identifying information to effect service of process on Doe. *See Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) ("Ascertaining the identities and residences of the Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process."). Plaintiffs have good cause to seek this information as Plaintiffs cannot continue this litigation without the true identity and service of Doe. *See In re Strike 3 Holdings, LLC*, 18-cv-0693 (ADS)(SIL), at *5 (E.D.N.Y. Apr. 9, 2018) ("Courts in this District and in the Southern District of New York generally require a showing of 'good cause' in order to permit expedited discovery prior to a Rule 26(f) conference"). Here, Plaintiffs seek to issue subpoenas and compel Verizon, Eonix (Serverhub), M247, Performative (formerly Total Server Solutions), and Google to produce documents that will only help in identifying Doe so that Plaintiffs can serve Doe and continue this litigation.

3

*Good Cause Why Service Has Not Been Made and to Continue This Litigation.*

For the above reasons, Plaintiffs respectfully submit that they have shown good cause why Doe has not yet been identified and why Doe has not yet been served with the Summons and Complaint.   Plaintiffs have been employing persistent and diligent efforts to obtain the identity of the individual who posted the defamatory articles, despite Doe's seeming best efforts to not be identified by failing to provide any personal information upon signing up for Medium. However, the nature of the information available from websites and through ISPs presents considerable challenges where, as here, legitimate personal identification of the subscriber was not provided when the accounts were created and where the accounts were clearly only created for nefarious purposes, namely the posting of the defamatory articles. Although Plaintiffs are now aware of some information of an individual who may be responsible through means other than the subpoenas and formal discovery, such information cannot be appropriately categorized as anything more than rumor. Accordingly, further investigation through the ISP providers is necessary to obtain some reasonable and sustainable nexus between the subject of those speculations and the evidence Plaintiffs are accumulating.[3]

Plaintiffs request that the Court permit Plaintiffs to file a motion for leave, or to grant leave on the basis of the representations herein and proposed subpoenas attached hereto, to issue third-party subpoenas to Verizon, Eonix (Serverhub), M247, Performive (formerly Total Server Solutions), and Google in advance of the Rule 26(f) conference because Plaintiffs are unable to hold a Rule 26(f) conference without first serving Doe.

Respectfully Submitted,

Brian L. Grossman

cc:   Counsel of Record

> The Court HEREBY GRANTS Plaintiffs leave, on the basis of the representations herein and proposed subpoenas attached hereto, to issue third-party subpoenas to Verizon, Eonix (Serverhub), M247, Performive (formerly Total Server Solutions), and Google.   In the event Plaintiffs have not identified Defendant Doe and served Defendant Doe with the Summons and Complaint by December 15, 2020, Plaintiffs shall, on or before December 22, 2020, file a letter updating the Court on the status of the investigation through the ISP providers and Plaintiff's efforts to identify and serve Defendant Doe.
> SO ORDERED.
>
> Date:  10/29/2020
> New York, New York                    Mary Kay Vyskocil
>                                        United States District Judge

---

[3] Plaintiffs have written to an individual rumored to be responsible, but those communications have not been responded to.

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| DEBORAH TAYLOR a/k/a HOLLY T et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:20-cv-03398 |
| Jane Doe | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     VERIZON SECURITY SUBPOENA COMPLIANCE, 180 WASHINGTON VALLEY ROAD, BEDMINSTER NJ
07921

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all information regarding the personal identifiable information of users of the IP addresses identified in Appendix A to this subpoena.

| Place: 1 Main Street, Ste 1C, Hastings-on-Hudson, NY 10707 Electornically via: tfoley@shipkevich.com | Date and Time: 11/06/2020 0:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Thomas Foley
_____ , who issues or requests this subpoena, are:

165 Broadway, Suite 2300, New York, New York 10006, tfoley@shipkevich.com, 646-588-2794

### Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

# Medium

September 09, 2020

Thomas Foley
Shipkevich PLLC
165 Broadway
Suite 2300
New York, NY 10006
tfoley@shipkevich.com

Re: Subpoena

Dear Mr. Foley,

I write in response to the subpoena received by Medium relating to the Medium users @edmnation2020 and @kitttykat79 account.

We searched our records for responsive, non-privileged material within the scope of the subpoena. The results of that search are below:

| User Name | @edmnation2020 |
|---|---|
| User ID | e135db74124d |
| Email address | edmnation2020@gmail.com |
| Account creation date | March 23, 2020 |
| IP addresses | • IP: 5.181.234.100<br>Created at: 2020-03-26 7:11 am<br>• IP: 5.181.234.100<br>Created at: 2020-03-26 7:11 am<br>• IP: 5.181.234.100<br>Created at: 2020-03-26 7:11 am<br>• IP: 72.89.153.31<br>Created at: 2020-03-24 4:54 am |
| User agent/ Browser type | Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/80.0.3987.149 Safari/537.36 |

| User Name | @kitttykat97 |
|---|---|
| User ID | 1da5d7428cab |
| Email address | kitttykat97@gmail.com |
| Account creation date | March 22, 2020 |
| IP addresses | • IP: 72.89.153.31<br>Created at: 2020-03-23 4:35 pm<br>• IP: 72.89.153.31<br>Created at: 2020-03-23 4:35 pm<br>• IP: 107.181.164.79<br>Created at: 2020-03-22 9:15 pm |

# Medium

|  | <ul><li>IP: 107.181.164.79<br>Created at: 2020-03-22 9:15 pm</li><li>IP: 107.181.164.79<br>Created at: 2020-03-22 9:15 pm</li><li>IP: 104.206.206.115<br>Created at: 2020-03-22 12:34 am</li></ul> |
| --- | --- |
| User agent / Browser type | Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/80.0.3987.149 Safari/537.36 |

If you have any questions, please let me know.

Sincerely,

Alex Wong

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| DEBORAH TAYLOR a/k/a HOLLY T et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:20-cv-03398 |
| Jane Doe | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Eonix Corporation, 3773 Howard Hughes Parkway, Suite 500 S, Las Vegas, NV 89169-6014, legal@eonix.net

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all information regarding the personal identifiable information of users of the IP addresses identified in Appendix A to this subpoena.

| Place: 1 Main Street, Ste 1C, Hastings-on-Hudson, NY 10707 | Date and Time: |
|---|---|
| Electornically via: tfoley@shipkevich.com | 11/06/2020 0:00 am |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Thomas Foley
_____ , who issues or requests this subpoena, are:

165 Broadway, Suite 2300, New York, New York 10006, tfoley@shipkevich.com, 646-588-2794

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

# Medium

September 09, 2020

Thomas Foley
Shipkevich PLLC
165 Broadway
Suite 2300
New York, NY 10006
tfoley@shipkevich.com

Re: Subpoena

Dear Mr. Foley,

I write in response to the subpoena received by Medium relating to the Medium users @edmnation2020 and @kitttykat79 account.

We searched our records for responsive, non-privileged material within the scope of the subpoena. The results of that search are below:

| User Name | @edmnation2020 |
|---|---|
| User ID | e135db74124d |
| Email address | edmnation2020@gmail.com |
| Account creation date | March 23, 2020 |
| IP addresses | <ul><li>IP: 5.181.234.100<br>Created at: 2020-03-26 7:11 am</li><li>IP: 5.181.234.100<br>Created at: 2020-03-26 7:11 am</li><li>IP: 5.181.234.100<br>Created at: 2020-03-26 7:11 am</li><li>IP: 72.89.153.31<br>Created at: 2020-03-24 4:54 am</li></ul> |
| User agent/ Browser type | Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/80.0.3987.149 Safari/537.36 |

| User Name | @kitttykat97 |
|---|---|
| User ID | 1da5d7428cab |
| Email address | kitttykat97@gmail.com |
| Account creation date | March 22, 2020 |
| IP addresses | <ul><li>IP: 72.89.153.31<br>Created at: 2020-03-23 4:35 pm</li><li>IP: 72.89.153.31<br>Created at: 2020-03-23 4:35 pm</li><li>IP: 107.181.164.79<br>Created at: 2020-03-22 9:15 pm</li></ul> |

# Medium

|  | <ul><li>IP: 107.181.164.79<br>Created at: 2020-03-22 9:15 pm</li><li>IP: 107.181.164.79<br>Created at: 2020-03-22 9:15 pm</li><li>IP: 104.206.206.115<br>Created at: 2020-03-22 12:34 am</li></ul> |
| --- | --- |
| User agent / Browser type | Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/80.0.3987.149 Safari/537.36 |

If you have any questions, please let me know.

Sincerely,

Alex Wong

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| DEBORAH TAYLOR a/k/a HOLLY T et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:20-cv-03398 |
| Jane Doe | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      M247 Europe S.R.L., 387 Park Avenue South, 5th Floor, New York, New York 10016

---
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all information regarding the personal identifiable information of users of the IP addresses identified in Appendix A to this subpoena.

| Place: 1 Main Street, Ste 1C, Hastings-on-Hudson, NY 10707<br>Electornically via: tfoley@shipkevich.com | Date and Time:<br><br>11/06/2020 0:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Thomas Foley
_____ , who issues or requests this subpoena, are:

165 Broadway, Suite 2300, New York, New York 10006, tfoley@shipkevich.com, 646-588-2794

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

# Medium

September 09, 2020

Thomas Foley
Shipkevich PLLC
165 Broadway
Suite 2300
New York, NY 10006
tfoley@shipkevich.com

Re: Subpoena

Dear Mr. Foley,

I write in response to the subpoena received by Medium relating to the Medium users @edmnation2020 and @kitttykat79 account.

We searched our records for responsive, non-privileged material within the scope of the subpoena. The results of that search are below:

| User Name | @edmnation2020 |
|---|---|
| User ID | e135db74124d |
| Email address | edmnation2020@gmail.com |
| Account creation date | March 23, 2020 |
| IP addresses | <ul><li>IP: 5.181.234.100 Created at: 2020-03-26 7:11 am</li><li>IP: 5.181.234.100 Created at: 2020-03-26 7:11 am</li><li>IP: 5.181.234.100 Created at: 2020-03-26 7:11 am</li><li>IP: 72.89.153.31 Created at: 2020-03-24 4:54 am</li></ul> |
| User agent/ Browser type | Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/80.0.3987.149 Safari/537.36 |

| User Name | @kitttykat97 |
|---|---|
| User ID | 1da5d7428cab |
| Email address | kitttykat97@gmail.com |
| Account creation date | March 22, 2020 |
| IP addresses | <ul><li>IP: 72.89.153.31 Created at: 2020-03-23 4:35 pm</li><li>IP: 72.89.153.31 Created at: 2020-03-23 4:35 pm</li><li>IP: 107.181.164.79 Created at: 2020-03-22 9:15 pm</li></ul> |

# Medium

| | |
|---|---|
| | • IP: 107.181.164.79<br>Created at: 2020-03-22 9:15 pm<br>• IP: 107.181.164.79<br>Created at: 2020-03-22 9:15 pm<br>• IP: 104.206.206.115<br>Created at: 2020-03-22 12:34 am |
| User agent / Browser type | Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/80.0.3987.149 Safari/537.36 |

If you have any questions, please let me know.

Sincerely,

Alex Wong

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| DEBORAH TAYLOR a/k/a HOLLY T et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Jane Doe | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  1:20-cv-03398

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Performive, 1130 Powers Ferry Pl., Marietta, GA 30067, abuse@performive.com

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all information regarding the personal identifiable information of users of the IP addresses identified in Appendix A to this subpoena.

| Place: 1 Main Street, Ste 1C, Hastings-on-Hudson, NY 10707<br>Electornically via: tfoley@shipkevich.com | Date and Time:<br><br>11/06/2020 0:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Thomas Foley
_____ , who issues or requests this subpoena, are:

165 Broadway, Suite 2300, New York, New York 10006, tfoley@shipkevich.com, 646-588-2794

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

# Medium

September 09, 2020

Thomas Foley
Shipkevich PLLC
165 Broadway
Suite 2300
New York, NY 10006
tfoley@shipkevich.com

Re: Subpoena

Dear Mr. Foley,

I write in response to the subpoena received by Medium relating to the Medium users @edmnation2020 and @kitttykat79 account.

We searched our records for responsive, non-privileged material within the scope of the subpoena. The results of that search are below:

| User Name | @edmnation2020 |
|---|---|
| User ID | e135db74124d |
| Email address | edmnation2020@gmail.com |
| Account creation date | March 23, 2020 |
| IP addresses | <ul><li>IP: 5.181.234.100<br>Created at: 2020-03-26 7:11 am</li><li>IP: 5.181.234.100<br>Created at: 2020-03-26 7:11 am</li><li>IP: 5.181.234.100<br>Created at: 2020-03-26 7:11 am</li><li>IP: 72.89.153.31<br>Created at: 2020-03-24 4:54 am</li></ul> |
| User agent/ Browser type | Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/80.0.3987.149 Safari/537.36 |

| User Name | @kitttykat97 |
|---|---|
| User ID | 1da5d7428cab |
| Email address | kitttykat97@gmail.com |
| Account creation date | March 22, 2020 |
| IP addresses | <ul><li>IP: 72.89.153.31<br>Created at: 2020-03-23 4:35 pm</li><li>IP: 72.89.153.31<br>Created at: 2020-03-23 4:35 pm</li><li>IP: 107.181.164.79<br>Created at: 2020-03-22 9:15 pm</li></ul> |

# Medium

| | |
|---|---|
| | <ul><li>IP: 107.181.164.79<br>Created at: 2020-03-22 9:15 pm</li><li>IP: 107.181.164.79<br>Created at: 2020-03-22 9:15 pm</li><li>IP: 104.206.206.115<br>Created at: 2020-03-22 12:34 am</li></ul> |
| User agent / Browser type | Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/80.0.3987.149 Safari/537.36 |

If you have any questions, please let me know.

Sincerely,

Alex Wong

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| DEBORAH TAYLOR a/k/a HOLLY T et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:20-cv-03398 |
| Jane Doe | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Google LLC C/O CORPORATION SERVICE COMPANY, 80 STATE STREET, ALBANY, NEW YORK, 12207-2543

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all information regarding the personal identifiable information of users of the email (Gmail) addresses: edmnation2020@gmail.com and kitttykat97@gmail.com

| Place: 1 Main Street, Ste 1C, Hastings-on-Hudson, NY 10707<br>Electornically via: tfoley@shipkevich.com | Date and Time:<br><br>11/06/2020 0:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Thomas Foley
_____ , who issues or requests this subpoena, are:

165 Broadway, Suite 2300, New York, New York 10006, tfoley@shipkevich.com, 646-588-2794

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).